[No. 8344-2-II. Division Two. June 4, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD KENNETH BAKER, *Appellant.*

*Sheryl S. Hayashida,* for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria C. Meadows, Deputy,* for respondent.

PETRICH, J.—Gerald K. Baker appeals the Mason County Superior Court's imposition of a sentence outside the presumptive standard range for the crime of attempted escape in the first degree. The standard range called for incarceration in the county jail for a maximum period of 6 months 3 weeks. The court instead sentenced defendant to a prison term of 1 year and a day. This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for disposition by published opinion because of its apparent value as precedent.

The superior court may impose a sentence in excess of the legislatively authorized standard range only if it finds, considering the purpose of the Sentencing Reform Act of 1981, that substantial and compelling reasons justify an exceptional sentence. RCW 9.94A.120(2). When such a sentence is appealed, this court can reverse the sentence only if (a) the reasons given by the sentencing judge are not supported by the record, or (b) those reasons do not justify an exceptional sentence, or (c) the sentence imposed is clearly excessive or too lenient. RCW 9.94A.210(4).

In this case, the State originally charged defendant with first degree escape, RCW 9A.76.110. He was an inmate at

the corrections center in Shelton, being held pursuant to a conviction for manslaughter, and was apprehended after having gone over an inner fence but before he could surmount the outer fence. He pleaded guilty to an amended charge of attempted escape.

When apprehended, defendant was wearing two sets of clothing, apparently so he could change his appearance once outside the walls by removing the outer layer of clothes. He was carrying a blanket to protect against injury while climbing over the wire fence, and had a written plan of his intended actions after he fled the prison. The prosecutor argued that these facts established an unusually well thought out escape attempt. She also argued that a sentence of 1 year or less would have to be served in the county jail, see RCW 9.94A.190, and that such a sentence here would add to the "great burden" of overcrowding in the jail.

In departing from the standard range, the court relied on a finding that defendant "used sophisticated and well planned methods to attempt his escape and did take exceptional measures to execute that plan." The record supports this finding. The issue is whether it constitutes "substantial and compelling reasons" justifying the exceptional sentence.[1]

Defendant argues that the court's reasons are insufficient because they are not among the "aggravating circumstances" that the court may consider in imposing an exceptional sentence under RCW 9.94A.390; that the court's reasons really inhere in any planned attempt to escape from custody, and the standard range already takes into account the nature of the crime; that the sentence is "clearly excessive."

 It is true that the degree of sophistication and planning involved are expressly listed as aggravating circumstances only in the commission of major economic or drug

---

[1]There is no indication that the court relied on the claimed burdensome overcrowding of the county jail.

offenses. RCW 9.94A.390, Aggravating Circumstances (3)(c), (4)(f). However, the statute goes on to provide that the mitigating and aggravating factors listed "are illustrative only and not intended to be exclusive reasons for exceptional sentences." That being so, we see no reason why the court may not take the degree of sophistication and planning into account when arriving at a proper sentence for any crime.

The argument challenging the sufficiency of the court's reasons is more persuasive, however. Defendant was charged with attempting to escape from a correctional facility where he was being detained pursuant to a conviction of a felony. The Legislature, through its duly authorized Sentencing Guidelines Commission, has determined that the standard range sentence for the crime of first degree escape should be 3 to 9 months for an offender with defendant's prior record. The standard range takes into account the particular offense and the extent and nature of the offender's criminal history, if any. *See* RCW 9.94A-.040(2)(a). Presumably, the idea of a range, rather than a fixed term of say, 6 months for first degree escape, is to allow the judge some flexibility in tailoring the sentence to the person and crime before him; the court may impose any sentence within the range that it deems appropriate. RCW 9.94A.370. A conviction for an attempt to commit a crime results in a standard range of 75 percent of that for the completed crime. RCW 9.94A.410.

█ Inherent in the concept of an attempt to commit a crime is that the person "does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). To be guilty of an attempt, one must have the intent to commit the crime and do an overt act toward commission. *State v. Nicholson*, 77 Wn.2d 415, 463 P.2d 633 (1969). This means that one must plan to escape and take some step to implement the plan. No doubt many, if not most, prisoners think about how they might escape custody if given the chance; fortunately, few put their plans into action. We believe that the fact a prisoner plans an

escape carefully and carries articles intended to make his plan succeed does not establish "substantial and compelling reasons" for disregarding the standard range. It would be surprising if any serious attempt to escape from prison did *not* include those elements. Defendant did not possess any weapons, threaten or injure anyone, destroy any property, take any hostages, or do anything else that we might regard as a substantial and compelling reason.

The legislatively approved presumptive sentence for defendant had he succeeded in escaping would have allowed only a maximum sentence of 9 months. We hold that the record does not support a more severe sentence for this failed attempt to escape. We need not decide, therefore, if the sentence imposed is "clearly excessive."

The sentence is reversed and this cause is remanded for imposition of a sentence within the standard range.

WORSWICK, C.J., and REED, J., concur.