[No. 13893-0-II. Division Two. December 4, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANCIS C. WARREN, *Appellant*.

478

*Robert H. Raymond, Jr.,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Kenneth L. Nichols, Deputy,* for respondent.

WORSWICK, C.J. — After drinking with him for several hours, Jack Warren shot his neighbor, Ellery Whitmer, five times with a .22 caliber revolver, causing serious injuries to Whitmer's esophagus, trachea and abdomen. Whitmer was in surgery off and on for 24 hours, and was hospitalized for 5½ weeks.

Warren went to trial for attempted second degree murder, but the jury convicted him of the lesser included offense of third degree assault (RCW 9A.36.031) for which the standard range sentence is 1 to 3 months. RCW 9.94A.310, Table I. The trial court imposed an exceptional sentence of 1 year, plus an additional year of community supervision.

Warren appeals only the sentence, which the court based on findings of seriousness of the injuries, multiple injuries, and perpetration in a milieu of alcohol and firearms. We affirm, holding that the factors of seriousness of the injuries and multiple injuries support the sentence.

■■ We disagree with Warren's contention that seriousness of injuries cannot be considered absent a finding that the crime was intentional (third degree assault required a finding of criminal negligence; former RCW 9A.36.031(1)(c)). The test is whether the conduct producing the harm, and the harm produced, were significantly more serious than what is typically involved in the crime. *See State v. Armstrong*, 106 Wn.2d 547, 550, 723 P.2d 1111 (1986); *State v. Butler*, 53 Wn. App. 214, 766 P.2d 505, *review denied*, 112 Wn.2d 1014 (1989); *State v. Tunell*, 51 Wn. App. 274, 279, 753 P.2d 543, *review denied*, 110 Wn.2d 1036 (1988). The injuries here were typical of an attempted murder, not a third degree assault. The verdict reduced the crime, but not the injuries.

■ Warren's assertion that multiple injuries cannot be an aggravating factor absent an intent-based conviction is also incorrect. Although the multiple-injury factor has ordinarily been used as the basis of a deliberate cruelty finding after an intent-based conviction, multiple injuries standing alone can be used to enhance a sentence. *State v. Armstrong*, *supra*.

■ We are skeptical of, and therefore inclined to agree with Warren's attack on, the "alcohol-firearms milieu" factor used by the trial court. However, we need not venture into an evaluation of the involved arguments on this issue, for it is apparent to us that the trial court would have — and justifiably so — imposed the same sentence without it.

Therefore, no remand for reconsideration of the sentence is necessary. *See State v. Farmer*, 116 Wn.2d 414, 432, 805 P.2d 200 (1991).

Affirmed.

PETRICH and ALEXANDER, JJ., concur.

Review denied at 118 Wn.2d 1030 (1992).