[No. 10004-9-III.   Division Three.   March 3, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. MARC VINCENT MCCLURE, *Appellant*.

*William D. McCool,* for appellant.

*James L. Nagle, Prosecuting Attorney,* for respondent.

MUNSON, J. — Mr. McClure pleaded guilty to second degree murder and second degree assault. He appeals his exceptional sentence contending (1) one of the reasons given was not supported by the evidence; (2) two reasons were insufficient to justify the sentence as a matter of law; (3) the sentence was clearly excessive; and (4) the court

exceeded its authority by imposing the maximum sentence on the assault, then ordering it served as a consecutive sentence, *i.e.*, two exceptional sentences.

On August 19, 1988, armed with a roofing hammer, Marc McClure entered a mobile home in Burbank, Washington, in the middle of the night to steal money. Jim Stephens and David Graves were asleep in the mobile home. Mr. McClure hit Mr. Stephens in the head with the hammer several times. He then fought with Mr. Graves, striking him with the hammer until a blow to the head knocked Mr. Graves unconscious. Mr. McClure took $167 from Mr. Graves' wallet and left.

Sometime later, a third roommate entered the mobile home and discovered the victims. Mr. Stephens was dead. Mr. Graves was hospitalized with massive head wounds from which he was recovering at the time of Mr. McClure's sentencing. Mr. Graves still has significant memory loss and part of his skull is missing.

Mr. McClure pleaded guilty to second degree murder and second degree assault. The standard range in this case for the murder was 144 to 192 months; for the assault, 12 to 14 months. He received a sentence of 192 months, the top of the standard range, for the murder charge, and an exceptional sentence of 120 months, the maximum term for the assault, to be served consecutively. He does not challenge the sentencing to the top of the standard range on the murder in the second degree conviction. RCW 9.94A.210(1).

■ Mr. McClure challenges the exceptional sentence for assault. This court must determine whether, based on the record, the reasons given for the sentence are clearly erroneous; whether those reasons justify departure from the standard range as a matter of law; and whether the sentence imposed was so clearly excessive as to constitute an abuse of discretion. RCW 9.94A.210(4); *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986); *State v. Oxborrow*, 106 Wn.2d 525, 723 P.2d 1123 (1986).

The court gave three reasons for the exceptional sentence on second degree assault: future dangerousness, infliction of

multiple injuries, and the multiple offense policy, RCW 9.94A.400.

## FUTURE DANGEROUSNESS

■ Mr. McClure contends the record does not support the court's finding of future dangerousness based on his long-standing and continuous drug and alcohol abuse. *State v. Barnes*, 117 Wn.2d 701, 711, 818 P.2d 1088 (1991), decided while this case was on appeal, holds future dangerousness does not justify an exceptional sentence in a nonsexual offense case. As Mr. McClure was not convicted of a sex offense, the finding of future dangerousness is now clearly erroneous.

## MULTIPLE INJURIES

The court found "[m]ultiple, very severe injuries were inflicted upon the victim". The record shows Mr. Graves' injuries vastly exceed those of most second degree assault victims in number as well as severity of effect.

Mr. McClure contends multiple injuries are not a substantial and compelling reason for imposing an exceptional sentence unless the inflicting of injuries was briefly interrupted so that injuries inflicted after the interruption were gratuitous or deliberate. He argues this was the situation in both *State v. Dunaway*, 109 Wn.2d 207, 734 P.2d 1237, 749 P.2d 160 (1987) and *State v. Armstrong*, 106 Wn.2d 547, 723 P.2d 1111 (1986), the cases which first articulated the multiple injury aggravating factor pursuant to RCW 9.94A-.390(2)(c)(i). *Armstrong* indicated multiple injuries to an assault victim were analogous to multiple incidents per victim in a major economic offense, a statutorily recognized aggravating factor. *Dunaway*, at 219, held that inflicting multiple injuries was an aggravating factor, distinct from the deliberate cruelty manifested by continuing to inflict injuries after a brief interruption.

■ In multiple injury cases, the focus is on acts which distinguish the crime from others of the same class. *State v. Harmon*, 50 Wn. App. 755, 758-59, 750 P.2d 664, *review denied*, 110 Wn.2d 1033 (1988); *State v. Holyoak*, 49 Wn.

App. 691, 745 P.2d 515 (1987), *review denied*, 110 Wn.2d 1007 (1988). The numerous debilitating blows inflicted on Mr. Graves are a substantial and compelling reason for imposing an exceptional sentence.

EXCEPTIONAL SENTENCE BASED ON MULTIPLE OFFENSES

Mr. McClure also contends the court erroneously relied on the aggravating factor defined in RCW 9.94A.390(2)(f):

> The operation of the multiple offense policy of RCW 9.94A-.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.

■ The trial court's determination that the presumptive sentence is clearly too lenient must be supported by written findings identifying the factual circumstances that establish either harm or culpability beyond that accounted for in the presumptive sentence.[1] *State v. Batista*, 116 Wn.2d 777, 789, 808 P.2d 1141 (1991). The court's "conclusory statement that the presumptive sentence is clearly too lenient" does not satisfy this requirement. *Batista*, at 788. The only factual circumstances set forth in the written findings relate to the future dangerousness factor, which was rejected in *Barnes*, and the finding of multiple injuries which is a separate aggravating factor, which was used to lengthen the sentence for the assault.[2]

---

[1]Mr. McClure argues the court could find the multiple offense policy results in a sentence which is clearly too lenient only if no reasonable person would impose that sentence. He confuses the standard of review for determining whether an exceptional sentence is clearly excessive, *i.e.*, the abuse of discretion standard, with the sentencing court's initial determination of whether the standard range sentence is inadequate. *See State v. Batista*, 116 Wn.2d 777, 792-93, 808 P.2d 1141 (1991). The trial court need not apply the appellate standard of review in evaluating the standard range sentence.

[2]The record shows Mr. Graves was assaulted in his bedroom, in the middle of the night, an invasion of a zone of privacy which has been recognized as an aggravating circumstance. *See State v. Falling*, 50 Wn. App. 47, 55, 747 P.2d 1119 (1987). The effects on the victim were extraordinarily severe, including loss of memory, and prolonged or permanent damage. This, too, may be viewed as an aggravating circumstance. *State v. Tunell*, 51 Wn. App. 274, 280, 753 P.2d 543, *review denied*, 110 Wn.2d 1036 (1988). Although the judge referred to these

*State v. Stephens*, 116 Wn.2d 238, 240, 803 P.2d 319 (1991), involving multiple crimes against multiple victims, held

> an exceptional sentence above the standard SRA [Sentencing Reform Act of 1981] range may be justified when a defendant's multiple current convictions, combined with his high offender score, would otherwise result in there being no additional penalty for some of his crimes.

Here, the court found no aggravating circumstances to justify an exceptional sentence for the murder of Mr. Stephens, but the multiplicity of injuries to Mr. Graves justified an exceptional sentence for the assault. Since the maximum sentence for second degree assault was less than . the top of the standard range for the murder, lengthening the sentence for the assault beyond the standard range, to run concurrently with the sentence for the murder, would not increase the amount of time to be served by Mr. McClure.[3] The court may have believed this apparently unreasonable result could only be avoided by finding, as an aggravating factor, "[t]he operation of the multiple offense policy of [RCW] 9.94A.400 results in a clearly too lenient sentence in light of the purpose of the SRA." In the absence of the required written findings, the aggravating factor defined in RCW 9.94A.390(2)(f) cannot be relied upon to support an exceptional sentence. *Batista*, at 789.

### CLEARLY EXCESSIVE SENTENCE

Mr. McClure contends the sentence is clearly excessive. An exceptional sentence is clearly excessive only if the court abused its discretion in determining the length of the exceptional sentence. *Oxborrow*, at 530. The court must articulate

---

matters in his oral ruling, they were not articulated or identified as written reasons for the length of sentence imposed. *See Batista*, at 789 n.8.

[3] Under the "multiple offense policy" of RCW 9.94A.400, "presumptive sentences for multiple current offenses consist of concurrent sentences, each computed with the others treated as criminal history utilized in calculating the offender score." *Batista*, at 786-87. Thus, because the assault was used in computing the offender score for the murder, the presumptive sentence range for the murder was increased by reason of the assault.

and identify the reasons for the length of the sentence imposed in order to permit meaningful appellate review. *State v. Pryor*, 56 Wn. App. 107, 123, 782 P.2d 1076 (1989), *aff'd*, 115 Wn.2d 445, 799 P.2d 244 (1990).

■ Because the court failed to articulate facts supporting its finding that the multiple offense policy resulted in a sentence that was clearly too lenient, only one valid factor remains to support an exceptional sentence. However, the court imposed two exceptional sentences: one being the maximum term on assault; the second, consecutive sentences. "If a presumptive sentence is clearly too lenient, this problem could be remedied *either* by lengthening concurrent sentences, *or* by imposing consecutive sentences." *Batista*, at 785-86. This language suggests the court must choose between the two forms of exceptional sentencing. On the other hand, *Oxborrow* approved two exceptional sentences which included both elements, based on the presence of numerous aggravating factors.[4] Here, the single valid aggravating factor, infliction of multiple injuries, applies to only one of the two offenses and is insufficient to support both consecutive sentencing and imposition of a term longer than the standard range for the assault.

This case is remanded for resentencing consistent with *Batista*.

THOMPSON, A.C.J., and GREEN, J. Pro Tem., concur.

---

[4]Although the amendment to RCW 9.94A.400 expressly allowing consecutive exceptional sentencing was not applicable, *Oxborrow*, at 534-35, concluded exceptional consecutive sentences were implicitly authorized. *See Batista*, at 786 n.7.