[No. 12965-9-III.   Division Three.   February 28, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIEZER MORFIN CARDENAS, *Appellant*.

*Carl G. Sonderman,* for appellant.

*Steve M. Lowe, Prosecuting Attorney,* and *Steve Cox, Deputy,* for respondent.

MUNSON, J. — Eliezer Cardenas appeals the sentence imposed after he pleaded guilty to one count each of vehicular assault, RCW 46.61.522, and failure to remain at the scene of an accident, RCW 46.52.020. He contends the reasons given by the trial court are not supported by the record and are insufficient to support the exceptional sentence. He also claims the sentence is clearly excessive.

Mr. Cardenas was driving at excessive speed through a residential area. Making a left turn, he lost control of the car. He drove through a retaining wall into the backyard of a residence where his vehicle struck Margaret Michel, pinning her against some pine trees. Mr. Cardenas fled. He was found and taken into custody. His blood alcohol reading, taken about 1 hour later, was .24 percent.

Ms. Michel's injuries included a compound fracture of the left leg, a gross wound to the left ankle and foot, multiple breaks in the right leg and three broken bones in the right foot, a fractured pelvis, concussion caused by blunt trauma to the head, and bleeding between the skull and the brain. As a result of these injuries, she suffered loss of memory, some loss of cognitive functions, and her left leg was amputated. She will be able to walk only with the use of a cane or walker and she may require additional surgery in the future.

The victim's family asked the court to impose a sentence of 4 years. The standard range is 6 to 12 months for the vehicular assault and 12 to 14 months for the hit and run charge. The court found the vehicular assault and hit and run charges did not encompass the same criminal conduct. Mr. Cardenas was sentenced to serve the maximum term of 5 years for the

vehicular assault conviction and a year plus 1 day on the hit and run charge, for a total of 6 years and 1 day.

■■ Mr. Cardenas contends the court erred in imposing an exceptional sentence. A trial court's imposition of an exceptional sentence is reviewed to determine whether the reasons given justify an exceptional sentence and are supported by the record. RCW 9.94A.210(4)(a). Whether the reason justifies an exceptional sentence is a question of law. *State v. Grewe*, 117 Wn.2d 211, 215, 813 P.2d 1238 (1991). Whether the reasons are supported by the record is a factual question; the trial court's findings are accepted unless they are clearly erroneous. *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986).

### VULNERABLE VICTIM

■ Mr. Cardenas argues the victim's vulnerability does not justify an exceptional sentence. An exceptional sentence may be justified if "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." RCW 9.94A.390(2)(b). A pedestrian victim of vehicular assault, being unable to take evasive action and lacking the protection afforded by being inside a vehicle, may be a particularly vulnerable victim of a vehicular assault. *Nordby*, at 518. In *Nordby*, the defendant deliberately steered the vehicle toward the shoulder of the road where pedestrians were walking. Similarly, in *State v. Thomas*, 57 Wn. App. 403, 788 P.2d 24, *review denied*, 115 Wn.2d 1003 (1990), the defendant took a shortcut through a convenience store parking lot. However, unlike the defendants in *Nordby* and *Thomas*, there is no evidence Mr. Cardenas intended to drive in an area where he knew, or should have known, there would be vulnerable pedestrians. Accordingly, the record does not support victim vulnerability as an aggravating factor which supports the exceptional sentence.

### RECKLESSNESS AND DRUNKENNESS

■ Mr. Cardenas argues driving in a reckless manner while under the influence of alcohol does not justify an ex-

ceptional sentence. Factors which constitute elements of the crime are necessarily considered by the Legislature in setting the standard range and cannot justify imposition of an exceptional sentence. *State v. Chadderton*, 119 Wn.2d 390, 832 P.2d 481 (1992); *Nordby*, at 519. When the Legislature defines alternative means of committing a crime and a defendant's conviction is based on one alternative, factors which constitute an element of an alternative means may justify an exceptional sentence. *Grewe*, at 216-17.

■ Vehicular assault may be committed by driving in a reckless manner or while under the influence of intoxicating liquor. RCW 46.61.522(1). The information charging Mr. Cardenas with vehicular assault cited both alternatives, and the judgment does not rely on one alternative to the exclusion of the other. The court's conclusion Mr. Cardenas drove in a reckless manner while under the influence of alcohol merely recites the factual basis for the convictions and does not justify imposition of an exceptional sentence.

Nevertheless, citing a vehicular homicide case, *State v. Oksoktaruk*, 70 Wn. App. 768, 856 P.2d 1099 (1993), the State argues recklessness and drunkenness, which are more egregious than the typical vehicular assault, justify imposition of an exceptional sentence. In *Oksoktaruk*, at 771, the trial court expressly determined the defendant's driving was "far more egregious than the 'typical' driving which leads to a vehicular homicide . . .". Similarly, in *State v. Perez*, 69 Wn. App. 133, 136, 847 P.2d 532, *review denied*, 122 Wn.2d 1015 (1993), another vehicular homicide, the court found the circumstances of the offense "were more onerous than the typical vehicular homicide". Here, the court concluded Mr. Cardenas drove in a manner that constituted recklessness and he was drunk. The trial court did not indicate Mr. Cardenas' drunkenness or driving manner was atypically egregious. The court's findings do not compel the conclusion Mr. Cardenas' conduct was atypically egregious as a matter of law.

EGREGIOUS INJURIES

■■ Mr. Cardenas argues the trial court's conclusion that Ms. Michel's injuries were "more serious than injuries

normally inherent in the crimes of Vehicular Assault and Hit and Run" is clearly erroneous because the record contains no testimony as to what constitutes injuries normally inherent in vehicular assault. In determining whether an offense is more onerous than the typical offense defined by the statute, the trial court is to consider the facts of the particular case in light of all possible cases defined by the crime charged. *State v. Solberg*, 122 Wn.2d 688, 703-04, 861 P.2d 460 (1993). Whether the facts of a particular case, as found by the trial court, are supported by the record is an issue of fact reviewed under the clearly erroneous standard; whether the facts establish the crime was atypically egregious, an aggravating factor, is a question of law. *Solberg*, at 705-06. Mr. Cardenas has not challenged the court's findings as to the nature and extent of Ms. Michel's injuries.

■ The issue remains whether, as a matter of law, the seriousness of Ms. Michel's injuries justifies an exceptional sentence. An aggravating factor justifies an exceptional sentence if it is one not necessarily considered by the Legislature in fixing the standard range for the offense, and it is "sufficiently substantial and compelling to distinguish the crime in question from others in the same category". *Grewe*, at 216. The Legislature has stated one element of vehicular assault is that the defendant's actions are "the proximate cause of serious bodily injury to another . . .". RCW 46.61.522(1)(a). " 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." RCW 46.61.522(2).

■ The trial court found Ms. Michel's injuries were:

(1) left leg amputated below the knee; (2) right leg broken in two places; (3) four bones in the right foot were broken; (4) fractured pelvis; (5) closed head injury; (6) blood clot on the brain; (7) concussion; and (8) numerous bruises and scratches.

Furthermore, as a result of these injuries, the victim was hospitalized for about 3 months, underwent two major surgeries, and will require physical, occupational and psychological therapy, as well as treatment for her injuries for the

rest of her life. She will require the use of an artificial leg, a wheelchair, and walker or cane, and has a shortened life expectancy. These are serious bodily injuries, but as such they are a factor the Legislature considered in defining the crime and establishing the sentence for vehicular assault. RCW 46.61.522(1), (2), (3). The court cannot rewrite statutes under the guise of interpretation. *Associated Gen. Contractors v. King Cy.*, 124 Wn.2d 855, 865, 881 P.2d 996 (1994). As noted, the Legislature defined "serious bodily injury" in the vehicular assault statute. We apply that definition in this case.

Mr. Cardenas also argues multiple injuries are not atypical in vehicular assault and do not support imposition of an exceptional sentence. The infliction of multiple injuries has been recognized as an aggravating factor supporting the imposition of an exceptional sentence. *State v. McClure*, 64 Wn. App. 528, 532, 827 P.2d 290 (1992). In multiple injury cases, the focus is on the acts which distinguish the crime from others. *McClure*, at 531; *see State v. Dunaway*, 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987); *State v. Armstrong*, 106 Wn.2d 547, 723 P.2d 1111 (1986); *State v. Warren*, 63 Wn. App. 477, 479, 820 P.2d 65 (1991), *review denied*, 118 Wn.2d 1030 (1992); *State v. Harmon*, 50 Wn. App. 755, 750 P.2d 664, *review denied*, 110 Wn.2d 1033 (1988). In *Dunaway*, a defendant shot his victim twice. In *Armstrong*, the defendant first threw boiling coffee on an infant, then plunged the child's foot into the hot coffee. In *McClure*, the defendant struck his victim in the head several times with a roofing hammer. In *Warren*, the defendant shot his victim five times. The defendant in *Harmon* inflicted 64 knife wounds.

Mr. Cardenas struck Ms. Michel once with his vehicle. By its very nature, a vehicle is capable of inflicting numerous injuries with a single blow. The act by which Mr. Cardenas inflicted the injuries was singular; the multiplicity of the resulting injuries does not distinguish this case from the typical vehicular assault. Because the court's focus is on the acts which distinguish the crime, Ms. Michel's multiple inju-

ries are not a factor which can support an exceptional sentence.

CLEARLY EXCESSIVE SENTENCE

Mr. Cardenas contends a 6-year exceptional sentence is clearly excessive. Because we find there are no factors which support the imposition of an exceptional sentence, we do not reach this issue.

Reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review granted at 127 Wn.2d 1002 (1995).