IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36807-6-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 36808-4-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BRANDON WILLIAM CATE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Brandon William Cate appeals exceptional sentences imposed at resentencing. We again remand for resentencing.

FACTS

Mr. Cate committed a series of burglaries, thefts, and acts of malicious mischief over the course of late 2016 and early 2017. The State grouped Mr. Cate's prosecutions into two separate cause numbers. Cause number 17-1-00039-4 pertained to the 2016 offenses. Cause number 17-1-00040-8 pertained to the 2017 offenses.

The two cause numbers were adjudicated by different juries, both of which issued guilty verdicts. Sentencing for both cases occurred on the same day. At sentencing, the 2016 and 2017 crimes were not treated as current offenses under RCW 9.94A.589(1)(a). The sentencing data reflected on Mr. Cate's two original judgments were as follows:

**2016 offenses, Cause No. 17-1-00039-4**

| *Count No.* | *Offender Score* | *Seriousness Level* | *Standard Range* | *Maximum Term* | *Confinement* |
|---|---|---|---|---|---|
| 1: 2nd Deg. Burglary[1] | 8 | 3 | 51-68 months | 10 years | 38 months |
| 2: 2nd Deg. Malicious Mischief | 6 | 1 | 12-14 months | 5 years | 13 months |
| 3: 2nd Deg. Theft | 6 | 1 | 12-14 months | 5 years | 13 months |

**2017 offenses, Cause No. 17-1-00040-8**

| *Count No.* | *Offender Score* | *Seriousness Level* | *Standard Range* | *Maximum Term* | *Confinement* |
|---|---|---|---|---|---|
| 1: 2nd Deg. Burglary | 8 | 3 | 43-57 months | 10 years | 50 months |
| 2: 2nd Deg. Theft | 6 | 1 | 12-14 months | 5 years | 13 months |
| 3: 3rd Deg. Malicious Mischief | N/A | Gross misdemeanor | 0-364 days | 364 days | 364 days |

[1] At Mr. Cate's original sentencing, the court indicated it had adjusted the offender score to 7 and the standard range to 33-43 months. *see* RCW 9.94A.510 (sentencing grid). This correction was not reflected in the written judgment, though the court relied on the lowered standard range when sentencing Mr. Cate to 38 months confinement.

**2017 offenses, Cause No. 17-1-00040-8**

| | | | | | |
|---|---|---|---|---|---|
| 4: 2nd Deg. Burglary | 8 | 3 | 43-57 months | 10 years | 50 months |
| 5: 3rd Deg. Theft | N/A | Gross misdemeanor | 0-364 days | 364 days | 364 days |

The total confinement in cause number 17-1-00039-4 was 38 months; in cause number 17-1-00040-8 it was 50 months. The court ordered the two terms to run consecutively. Because the court treated the two cause numbers separately, it reasoned it had discretion to impose consecutive sentences without going through the process of imposing exceptional sentences. Mr. Cate's total term of incarceration was 88 months.

Mr. Cate appealed his two original judgments to this court. We reduced Mr. Cate's theft conviction in cause number 17-1-00040-8 from second degree to third degree. In addition, both cause numbers were remanded for resentencing. Remand was necessary because all the crimes in Mr. Cate's two cause numbers should have been treated as current offenses. As such, concurrent sentences were required unless the trial court made adequate findings justifying imposition of exceptional sentences. Our prior decisions recognized that if, at resentencing, Mr. Cate were deemed to have multiple current

offenses with an offender score of 9+, consecutive sentences would be permissible, so long as accompanied by applicable findings.[2]

Resentencing took place in 2019. Because all the crimes before the court were treated as current offenses, Mr. Cate's offender scores and standard sentencing increased. The sentencing data reflected on Mr. Cate's 2019 judgments were:

| 2016 offenses, Cause No. 17-1-00039-4 | | | | | |
|---|---|---|---|---|---|
| *Count No.* | *Offender Score* | *Seriousness Level* | *Standard Range* | *Maximum Term* | *Confinement* |
| 1: 2nd Deg. Burglary | 9+ | 3 | 51-68 months | 10 years | 59.5 months |
| 2: 2nd Deg. Malicious Mischief | 8 | 1 | 17-22 months[3] | 5 years | 19.5 months |
| 3: 2nd Deg. Theft | 8 | 1 | 33-43 months[4] | 5 years | 38 months |

---

[2] This court addressed Mr. Cate's 2016 convictions in *State v. Cate*, No. 35230-7-III, slip op. at 1 (Wash. Ct. App. Jan. 22, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/352307_unp.pdf, and his 2017 convictions in *State v. Cate*, No. 35231-5-III, slip op. at 1 (Wash. Ct. App. Feb. 26, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/352315_unp.pdf.

[3] The trial court entered a total standard range of 22-29 months for Mr. Cate's second degree malicious mischief conviction.

[4] The court entered a total standard range of 22-29 months for Mr. Cate's second degree theft conviction.

| 2017 offenses, Cause No. 17-1-00040-8 | | | | | |
|---|---|---|---|---|---|
| *Count No.* | *Offender Score* | *Seriousness Level* | *Standard Range* | *Maximum Term* | *Confinement* |
| 1: 2nd Deg. Burglary | 9+ | 3 | 51-68 months | 10 years | 59.5 months |
| 2: 3rd Deg. Theft | N/A | Gross misdemeanor | 0-364 days | 364 days | 364 days |
| 3: 3rd Deg. Malicious Mischief | N/A | Gross misdemeanor | 0-364 days | 364 days | 364 days |
| 4: 2nd Deg. Burglary | 9+ | 3 | 51-68 months | 10 years | 59.5 months |
| 5: 3rd Deg. Theft | N/A | Gross misdemeanor | 0-364 days | 364 days | 364 days |

Mr. Cate did not object to any of the new calculations. He instead requested concurrent terms of incarceration. The trial court rejected this approach. Noting that Mr. Cate had three offenses with an offender score of 9+, the trial court reasoned that imposition of concurrent sentences would result in some of Mr. Cate's offenses effectively going unpunished.

In explaining its sentencing decision, the trial court advised Mr. Cate that it was simply formalizing the previous sentencing decision. According to the court, nothing was

really changed from Mr. Cate's perspective. "The sentence stays the same." Report of

Proceedings at 39.

As was done at the prior sentencing, the court imposed mid-range sentences to run

consecutively. Unlike the prior proceeding, the court justified this disposition as an

exceptional sentence upward, accompanied by written findings. The court issued 59.5

month sentences for both of Mr. Cate's cases, resulting in a total term of 119. Contrary to

the court's earlier comments, Mr. Cate's sentence had not stayed the same. It was 31

months longer than what was previously imposed.

Mr. Cate timely appeals.

## ANALYSIS

*Incorrect standard range*

As Mr. Cate and the State agree, the judgment incorrectly lists Mr. Cate's standard

range sentence for second degree theft in cause number 17-1-00039-4 as 33-43 months.

With an offender score of 8 and a seriousness level of I, the range was actually 17-22

months. RCW 9.94A.510. The court imposed 38 months on the second degree theft

conviction, which was outside the standard range. The court did not cite any reason for

selecting a sentence outside the standard range for Mr. Cate's theft offense. As a result,

the sentence imposed was unlawful. Resentencing is required. *In re Pers. Restraint of Call*, 144 Wn.2d 315, 333-34, 28 P.3d 709 (2001).

*Exceptional sentence*

An exceptional sentence upward may be reversed if either (a) the court's reasons for imposing an exceptional sentence are unsupported or do not justify a sentence outside the range, or (b) the sentence imposed was "clearly excessive." RCW 9.94A.585(4).

Here, the trial court had a sufficient legal and factual basis to impose an exceptional sentence upward. Because Mr. Cate has multiple current offenses with an offender score of 9+, a standard range sentence would result in some of his current offenses going unpunished. RCW 9.94A.535(2)(c). As we held in our prior decisions, an exceptional sentence upward is legally permissible in such circumstances.

Nevertheless, the court's decision to impose consecutive mid-range sentences was clearly excessive. Our analysis of this issue is governed by the abuse of discretion standard of review. *State v. McClure*, 64 Wn. App. 528, 530, 827 P.2d 290 (1992). Discretion is abused if a decision is based on "untenable grounds or untenable reasons." *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)). As previously noted, the total sentence imposed by the court increased Mr. Cate's term of imprisonment by 31 months.

This outcome was contrary to the court's stated intent. The court explained it meant to impose the same sentence as what Mr. Cate had received prior to his successful appeal. Given the disconnect between the court's comments and the sentence imposed, and in light of the fact that resentencing is necessary for Mr. Cate's second degree theft conviction, we remand for a full resentencing.[5]

## CONCLUSION

This matter is remanded for resentencing consistent with our opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

---

[5] We note that while imposition of consecutive sentences is one way of crafting an exceptional sentence under RCW 9.94A.535(2)(c), it is not the only option. A court may impose an exceptional sentence by lengthening concurrent sentences, imposing consecutive sentences, or by imposing a sentence which is "both beyond the standard range and consecutive." *State v. Smith*, 123 Wn.2d 51, 58, 864 P.2d 1371 (1993), *overruled on other grounds by State v. Hughes*, 154 Wn.2d 118, 140, 110 P.3d 192 (2005), *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 222, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).