[No. 61491-1.   En Banc.   March 9, 1995.]

The State of Washington, *Respondent*, v. Darrel Wayne Stewart, *Petitioner*.

---

*Darrel Wayne Stewart,* pro se, and *Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Carol Spoor, Deputy,* for respondent.

DOLLIVER, J. — Darrel Wayne Stewart challenges the ruling of the Court of Appeals, Division One, affirming the trial court's decision to impose an exceptional sentence upon him under the Sentencing Reform Act of 1981 (SRA) (RCW 9.94A) because he represents a future danger to society and because his presumptive sentence is clearly too lenient.

On May 3, 1989, C.M., a female, agreed to give the Defendant, Darrel Wayne Stewart, a ride from downtown Seattle to Green Lake. C.M.'s 13-year-old niece, K.S., was in C.M.'s car at the time. During the drive, the Defendant repeatedly looked up K.S.'s dress or at her legs. When they arrived at Green Lake, C.M. requested the Defendant to exit her vehicle. He refused to do so. C.M. then drove to a nearby restaurant where she often saw police cars, and once again requested that the Defendant leave her car. He refused again, and pulled a gun from his jacket. C.M. offered him money and/or a ride to wherever he desired in exchange for release, but he declined. The Defendant then pointed his gun between C.M.'s legs, pulled them apart, and threatened to kill her. C.M. managed to wrest the gun from the Defendant, and both she and her niece escaped from the vehicle. The Defendant subsequently left the car and was arrested several blocks away.

He was charged with two counts of attempted first degree kidnapping with a deadly weapon, two counts of second degree assault, and one count of violating the Uniform Firearms Act (VUFA) (RCW 9.41). In June 1989, he pleaded guilty to all the charges and was sentenced to a total of 300 months. His sentence included 96 months for each assault count, the statutory maximums of 120 months for each kidnapping count and 60 months for the VUFA count. The 240-month sentence for the two kidnapping counts and the 192-month sentence for the two assault counts were to run concurrently. The 300-month sentence exceeded that permitted by the standard sentencing range. The trial court asserted that this exceptional sentence was justified because (1) the

Defendant represented a future danger to society, and (2) the unenhanced presumptive sentence was clearly too lenient.

The Defendant appealed his exceptional sentence to Division One of the Court of Appeals. In an unpublished opinion, that court reversed the trial court and remanded for resentencing because it concluded that the record neither (1) contained evidence to support a finding that the Defendant was not amenable to treatment, which is necessary to find future dangerousness, nor (2) disclosed the basis for the trial court's finding that the sentence was clearly too lenient. *State v. Stewart*, noted at 63 Wn. App. 1025 (1991).

After a resentencing hearing in 1992, the trial court imposed the same exceptional sentence as it had at the first sentencing proceeding. Again, the court justified the sentence by asserting that (1) the Defendant represented a future danger to society, and (2) the standard range would result in a sentence which would be clearly too lenient. However, this time the trial court offered reasons for its conclusions that the Defendant was not amenable to treatment and that an unenhanced sentence would be clearly too lenient. The court based its finding of lack of amenability to treatment upon, *inter alia*, a classification study of the Defendant conducted by the Nebraska Penal and Correctional Complex in 1973, and a summary and rehabilitation plan prepared by the Colorado Department of Corrections in 1976. The court's finding that the presumptive sentence was clearly too lenient was based upon the details of the Defendant's 1976 conviction in Colorado for sexual assault of a child, kidnapping, attempted rape, deviant sexual intercourse by force, theft, and burglary.

As an additional justification for enhancing the Defendant's sentence, the trial court noted that the Defendant's crime was sexually motivated. In 1990, prior to the Defendant's resentencing hearing, the Legislature amended the SRA, adding "sexual motivation" to the list of possible circumstances which, if present, enable a court to enhance an

offender's sentence. The trial court concluded that the Defendant's crime was sexually motivated after finding

> that the defendant's intent in committing the attempted kidnap and armed assault on [C.M.] and [K.S.] was to effect a rape or to take indecent liberties with these women.

Clerk's Papers, at 201.

Once again, the Defendant appealed his exceptional sentence to Division One of the Court of Appeals. That court ruled that the trial court erred in relying upon the "sexual motivation" aggravating factor enumerated in RCW 9.94A.390(2)(e) because the statute was enacted after the Defendant's initial sentencing in 1989. However, the court nevertheless affirmed the enhanced sentence because it found it to be justified by the nonstatutory "future dangerousness" aggravating factor and the "clearly too lenient" aggravating factor of RCW 9.94A.390(2)(g). Because he believes that neither of these aggravating factors is applicable in the present case, the Defendant petitioned this court for review of this ruling.

■ RCW 9.94A.390(2) provides in relevant part:

> The following are illustrative factors which the court may consider in the exercise of its discretion to impose an exceptional sentence. . . .
>
> . . . .
>
> (2) Aggravating Circumstances
>
> . . . .
>
> (g) The operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.

RCW 9.94A.390(2)(g).

> It is proper to rely on this aggravating factor when there is some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range. . . .

*State v. Fisher*, 108 Wn.2d 419, 428, 739 P.2d 683 (1987). This is the case whenever the defendant has committed a number of crimes and his high offender score does not result in any greater penalty than if he had committed only one.

*State v. Smith*, 123 Wn.2d 51, 56, 864 P.2d 1371 (1993); *State v. Stephens*, 116 Wn.2d 238, 244-45, 803 P.2d 319 (1991). Allowing a court to impose an exceptional sentence under these circumstances prevents an offender from avoiding punishment for his additional crimes. *Stephens*, at 245.

The Defendant in the instant case was convicted of two counts of attempted kidnapping with a deadly weapon. The presumptive sentence for those two crimes, based upon the Defendant's offender score of 11, is 135.75 to 172.50 months. If he had committed only one such crime his offender score would have been 7, and his presumptive sentence 105 to 132.50 months.

RCW 9.94A.420 provides:

> If the presumptive sentence duration given in the sentencing grid exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence.

The statutory maximum sentence for attempted kidnapping with a deadly weapon is 120 months. Because the presumptive sentence for two counts of such a crime exceeds this amount of time, the presumptive sentence is deemed to be 120 months. As a result, the Defendant's presumptive sentence would be the same regardless of whether he had committed one or two counts of attempted kidnapping with a deadly weapon. The trial court therefore found the Defendant's presumptive sentence to be clearly too lenient, and consequently enhanced it.

The Defendant contends that the trial court's finding violated the multiple offense policy of RCW 9.94A.400. We disagree. In both *Stephens* and *Smith*, this court upheld a trial court's right to conclude that a presumptive sentence is clearly too lenient if that sentence would be the same if the defendant had committed fewer crimes. *Stephens* stated that to hold otherwise "would be against public policy and inconsistent with the stated purposes of the SRA". *Stephens*, at 245.

In the instant case, the operation of RCW 9.94A.420 causes the Defendant's presumptive sentence to be the same for the commission of either two or one conviction for attempted kidnapping with a deadly weapon. Essentially, the Defendant would have this court hold that the "clearly too lenient" aggravating factor cannot be invoked if the reason that a presumptive sentence is the same for fewer crimes is that RCW 9.94A-.420 has been triggered. Neither *Stephens* nor *Smith* intimated that the "clearly too lenient" aggravating factor should be so restricted. We cannot divine any reason to impose such a restriction on the use of this aggravating factor. Therefore, the trial court in the instant case was not without authority to impose an exceptional sentence based upon the "clearly too lenient" aggravating factor.

> RCW 9.94A.390 lists several aggravating factors which the court may consider in the exercise of its discretion to impose an exceptional sentence. As the statute points out, however, the factors are illustrative only and are not intended to be exclusive reasons for an exceptional sentence. . . .

*State v. Pryor*, 115 Wn.2d 445, 450-51, 799 P.2d 244 (1990). In *State v. Barnes*, 117 Wn.2d 701, 703, 818 P.2d 1088 (1991), this court held that "future dangerousness may be considered as an aggravating factor justifying an exceptional sentence in sexual offense cases." However, *Barnes* also concluded that future dangerousness is not "sufficient to justify an exceptional sentence in nonsexual offense cases". *Barnes*, at 705.

The Defendant submits that because he did not commit a sex offense the trial court improperly considered his future dangerousness in deciding to enhance his sentence. He contends that in determining whether or not an offense is a sex offense for *Barnes* purposes, a court must look to the definition of "sex offense" provided in the SRA. In 1989, the Defendant pleaded guilty to crimes which the trial court found to be sexually motivated. At that time, the SRA did not consider a sexually motivated crime to be a sex offense. *See* former RCW 9.94A.030(23). Therefore, argues the Defendant, the Legisla-

ture intended for sexually motivated offenses to be treated like nonsex offenses.

■ This argument is not sustainable for two reasons. First, neither in *Barnes* nor in its progeny has this court given any indication that a trial court must refer to the SRA's definition of "sex offense" when determining whether or not an offender's future dangerousness can be considered. Second, even assuming arguendo that a court must refer to the SRA's definition of "sex offense", the Legislature could not have intended for a sexually motivated crime to be treated like a nonsex offense in order to determine whether or not an offender's future dangerousness can be considered. In fact, the Legislature could not have expressed any opinion whatsoever regarding the characterization of sexually motivated crimes for *Barnes* purposes. The reason for this is that *Barnes* did not draw its distinction between sex offenses and nonsex offenses until 1991, 1 year after the SRA was amended and 10 years after it was initially enacted.

It is unclear whether the Defendant's sexually motivated crime should be treated like a sex offense or a nonsex offense for *Barnes* purposes. However, because the "clearly too lenient" aggravating factor alone supplies the trial court with grounds to enhance the Defendant's sentence, it is unnecessary for this court to decide this issue. Therefore, we decline to do so.

Affirmed.

DURHAM, C.J., SMITH and GUY, JJ., and ANDERSEN, J. Pro Tem., concur.

MADSEN, J., concurs in the result.

JOHNSON, J. (concurring in part, dissenting in part) — I agree with the majority's result but disagree with its extended discussion about "whether the Defendant's sexually motivated crime should be treated like a sex offense or a nonsex offense for [State v.] Barnes [117 Wn.2d 701, 818 P.2d 1088 (1991)] purposes", while specifically declining to decide

the issue. Majority, at 900. This dicta is unnecessary to the resolution of this case, confuses the analysis of *Barnes*, and is not helpful to the trial courts.

UTTER, J., and BRACHTENBACH, J. Pro Tem., concur with JOHNSON, J.