[No. 16232-0-III.   Division Three.   May 5, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. BILLY WAYNE WORL, *Appellant*.

90

*Michael F. Keyes*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

BROWN, J. — Today we consider a third appeal stemming from the conviction and exceptional sentencing of Billy Wayne Worl for malicious harassment and attempted murder in a racially motivated "skinhead" attack on an African-American victim. We decide whether the trial court erred when calculating his offender score or ordering a consecutive sentence after *State v. Worl*, 129 Wn.2d 416, 918 P.2d 905 (1996) (*Worl* III). Mr. Worl also claims bias on the part of the most recent sentencing judge. Because (1) a resentencing court may consider subsequent convictions when determining an offender score at resentencing; (2) the consecutive sentences are consistent with the holding in *Worl* III; and (3) no actual or potential bias is shown, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 1988, Mr. Worl and Tim Carver, both members of a "skinhead" group, randomly attacked and repeatedly slashed an African-American man in a supermarket parking lot. The jury found Mr. Worl guilty of attempted second degree murder and malicious harassment. He was then

sentenced to a standard range sentence of 120 months for attempted second degree murder and an exceptional sentence of 60 months for the malicious harassment conviction, and ordered the sentences to run consecutively for a 15-year total sentence. We affirmed on various issues, including the use of future dangerousness as an aggravating factor. *State v. Worl*, 58 Wn. App. 443, 445, 794 P.2d 31 (1990) (*Worl* I), which was rejected by the Supreme Court in *State v. Barnes*, 117 Wn.2d 701, 818 P.2d 1088 (1991).

In *State v. Worl*, 74 Wn. App. 605, 608, 875 P.2d 659 (1994) (*Worl* II), we reversed the same 15-year sentence as originally imposed (malicious harassment, 60 months exceptional, consecutive to 120 months standard range sentence for the attempted second degree murder). In *Worl* III, the Supreme Court determined the sentencing court was bound by *Worl* I under the law of the case doctrine on the sentencing related issues. *Worl* III, 129 Wn.2d 416. The Supreme Court also held "the two offenses did comprise the same criminal conduct' as a matter of law under RCW 9.94A.400(1)." *Id.* at 429. The Supreme Court again remanded for resentencing "so the trial court may determine whether consecutive sentences are now appropriate pursuant to RCW 9.94A.400(1) and RCW 9.94A.120(16)." *Id.*

At the second resentencing hearing (the third sentencing overall), the court once again imposed the 15-year sentence calculated as before; however, a new offender score was used calculated in part upon a later offense. Mr. Worl now appeals his third sentencing, alleging the following errors: (1) the court miscalculated his offender score; (2) the Sentencing Reform Act of 1981 (SRA) does not authorize consecutive sentences for offenses constituting the same criminal conduct; and (3) the sentencing judge was biased.

## ANALYSIS

A. Use of New Offender Score. Mr. Worl contends the resentencing court erred by using his 1989 conviction for

reckless burning in calculating an offender score of two. He urges the use of this conviction constitutes double jeopardy because he was already punished for that crime. Mr. Worl misconstrues the offender-scoring provisions of the SRA.

■ RCW 9.94A.360(1) states in part: "A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed." In *State v. Collicott*, 118 Wn.2d 649, 827 P.2d 263 (1992), our Supreme Court concluded the SRA permitted the use of a subsequent conviction for the purposes of determining the offender score at the defendant's resentencing. *Id.* at 664-68. More recently, Division One of this court specifically stated:

> The offender score includes all prior convictions (as defined by RCW 9.94A.030(9)) existing at the time of that particular sentencing, without regard to when the underlying incidents occurred, the chronological relationship among the convictions, or the sentencing or resentencing chronology.

*State v. Shilling*, 77 Wn. App. 166, 175, 889 P.2d 948, *review denied*, 127 Wn.2d 1006 (1995). The court held that under the SRA, an October 22, 1992 attempted murder conviction constituted a "prior conviction" for the calculation of the defendant's offender score at his January 8, 1993 assault sentencing. *Id.* at 174. Although the attempted murder incident occurred five months after the assault incident, the SRA contemplates such a result. *Id.* at 173.

■■ The situation in this case mirrors that of *Shilling*. Mr. Worl entered a plea of guilty to first degree reckless burning on May 19, 1989. At his resentencing on September 5, 1996, the court designated Mr. Worl an offender score of two by adding one point for that conviction with one point for the attempted murder and malicious harassment convictions stemming from the "same criminal conduct." *See* RCW 9.94A.400(1)(a). Thus, the court correctly calculated his prior offenses. Moreover, the offender score does not appear to have played any role in the court's decision to give an exceptional sentence. The additional evidence is,

nonetheless, consistent with *State v. Stewart*, 72 Wn. App. 885, 891, 866 P.2d 677 (1994), *aff'd*, 125 Wn.2d 893, 890 P.2d 457 (1995), because additional evidence may be taken at a resentencing hearing following the reversal and remand of a case. As such, this court need not address the State's harmless error argument. However, from our review of this record, we also conclude the court would have imposed the same exceptional sentence even if it had miscalculated the offender score. *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997).

B. Consecutive Sentencing. The most serious point in this appeal is the imposition of consecutive sentences. Mr. Worl contends, in light of the Supreme Court's determination that the two offenses here constitute the "same criminal conduct," RCW 9.94A.400(1)(a) requires the sentences to be run concurrently. The State, on the other hand, argues the statutory language merely deals with offender scoring and does not preclude consecutive sentences. We now consider this novel argument keeping in mind the instructions provided by the Supreme Court.

■ ■ The Supreme Court found Mr. Worl's convictions arose out of the same criminal conduct and remanded for resentencing "so the trial court may determine whether consecutive sentences are now appropriate pursuant to RCW 9.94A.400(1) and RCW 9.94A.120(16)." *Worl III*, 129 Wn.2d at 429. The latter statute addresses credit for time served before sentencing and does not help us in deciding whether or not consecutive sentences are appropriate under the circumstances of this case. The answer to this problem lies in RCW 9.94A.400.

RCW 9.94A.400(1)(a), entitled "[C]onsecutive or concurrent sentences," states in relevant part:

Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided*, That if the court enters a finding that some or all of

the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(f) or any other provision of RCW 9.94A.390.

Whatever confusion may result from the first part of this section, the final sentence is permissive language referring to the imposition of consecutive sentences under RCW 9.94A.120 and RCW 9.94A.390. RCW 9.94A.120 addresses the bases for departing from the standard range and RCW 9.94A.390 lists mitigating and aggravating factors for the imposition of exceptional sentences. The Supreme Court upheld the aggravating factors of deliberate cruelty and multiple injuries as applied to both offenses. Because RCW 9.94A.390(2)(a) specifically mentions deliberate cruelty as an aggravating factor, it follows that the sentencing court correctly exercised its discretion when ordering the consecutive sentences under RCW 9.94A.400(1).

Mr. Worl's second argument, that a court may not impose multiple exceptional sentences is likewise without merit. This court addressed a similar issue in *State v. McClure*, 64 Wn. App. 528, 827 P.2d 290 (1992). *McClure* holds that two exceptional sentences are improper when based on one aggravating factor that applies to only one of the offenses. *Id.* at 534. The court in *State v. Oxborrow*, 106 Wn.2d 525, 534-35, 723 P.2d 1123 (1986), however, upheld two exceptional sentences based on numerous aggravating factors pertinent to all of the offenses. *See Worl III*, 129 Wn.2d 416. The aggravating factors in this case, multiple injuries and deliberate cruelty, apply to both offenses. Therefore, under *Oxborrow*, the sentencing court did not err by departing from the standard range for the malicious harassment conviction and then ordering the sentences to run consecutively.

Despite a determination that offenses comprise the "same criminal conduct," where the sentencing court finds aggravating factors that apply to multiple offenses, the

SRA permits the imposition of more than one exceptional sentence and consecutive sentences. *State v. Smith*, 123 Wn.2d 51, 57-58, 864 P.2d 1371 (1993). Thus, the trial court did not err by imposing an exceptional sentence for the malicious harassment conviction and then ordering the sentences to run consecutively. The "same criminal conduct," language of RCW 9.94A.400(1)(a) does not require the sentences to be run concurrently or said another way does not preclude consecutive sentences.

C. Appearance of Fairness. Mr. Worl contends the sentencing judge was biased. This contention is based upon his characterization of remarks made by the judge at the time of sentencing referring to personal experiences with racism. The issue invokes an application of the appearance of fairness doctrine.

The appearance of fairness doctrine demands the absence of actual or apparent bias on the part of the judge or decision-maker. *State v. Dagenais*, 47 Wn. App. 260, 261, 734 P.2d 539 (1987). " 'The law goes farther than requiring an impartial judge; it also requires that the judge appear to be impartial.' " *State v. Post*, 118 Wn.2d 596, 618, 826 P.2d 172, 837 P.2d 599 (1992) (quoting *State v. Madry*, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972)). Thus, to succeed, the party raising an appearance of bias claim must present evidence of actual or potential bias. *Post*, 118 Wn.2d at 619. Mr. Worl's argument is based on the following remarks made by the court before imposing sentence:

> My wife is white, we have two adopted Korean children. They have been harassed and intimidated by skinheads for race. Even to the point of asking my wife, why would you want to do that? It's not a one time thing. When you do a crime, like harassment, based on race, based on hate, they will never forget it.

The sentencing judge then reflected upon the Supreme Court's instruction and imposed the original sentence. A review of the record reveals nothing more than a remark used to convey to Mr. Worl the judge's understanding of

the harmful impact of Mr. Worl's criminal conduct on the victim by illustration. It is not evidence of actual or potential bias for a judge to point out to a defendant the harm caused to a victim by his or her criminal conduct. Pointing out the harm to the victim is consistent with the intended deterrent impact of the punitive aspects of the sentence, because it stresses the additional and more fundamental need to avoid conduct hurting other people and their property.

We hold Mr. Worl presents no evidence of actual or potential bias; although the statement may be understood to reflect a personal experience and care should be exercised by a trial judge under the circumstances, the remarks in context served a proper sentencing purpose. Mr. Worl's argument, therefore, is without merit.

## CONCLUSION

We hold the trial court did not err when recalculating the offender score because resentencing courts may consider subsequent convictions when determining an offender score at resentencing. The trial court did not err when ordering the exceptional sentence for malicious harassment to run consecutive to the standard range sentence for attempted second degree murder; the trial court's exercise of discretion is consistent with the direction of *Worl* III, 129 Wn.2d 416. Finally, we decide there is not evidence of actual or potential bias for a judge to point out to a defendant the harm caused to a victim by his or her criminal conduct using personal experience as illustration, although caution should be exercised to avoid the appearance of unfairness.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.

Review denied at 136 Wn.2d 1024 (1998).