[Nos. 15993-1-III; 16658-9-III; Division Three. June 11, 1998.]
17033-1-III; 17386-1-III.

THE STATE OF WASHINGTON, *Respondent*, v. AARON CURTIS
BROWN, *Appellant*.

*In the Matter of the Personal Restraint of* AARON
BROWN, *Petitioner.*

*Dan B. Johnson,* for appellant.

*James R. Sweetser, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

KURTZ, J. — RCW 9.94A.120(2) authorizes the imposition of an exceptional sentence for unranked crimes if the court finds there are "substantial and compelling reasons justifying an exceptional sentence." In this appeal, we consider whether the aggravating circumstances set forth in RCW 9.94A.390(2), and specifically the "clearly too lenient" aggravating factor set forth in former RCW 9.94A.390(2)(g) (1995),[1] may be applied to impose an exceptional sentence

[1] Now RCW 9.94A.390(2)(i).

for unranked offenses. We decide that they can and affirm the judgment of the trial court.

While incarcerated in the county jail on a stalking charge, Aaron Brown wrote threatening letters to his victim. As a result, he was charged with five counts of stalking a witness in an adjudicative process for purposes of retaliation. As part of the plea bargain arrangement, Mr. Brown pleaded guilty to all five counts. Before the plea was accepted, the trial court reminded Mr. Brown that he had nearly received an exceptional sentence in an earlier case involving the same conduct against the same victim. Mr. Brown decided to go forward with the plea anyway.

The parties jointly recommended five concurrent eight-month sentences. The victim's father asked for a maximum sentence as a method of keeping Mr. Brown away from his daughter until she could graduate from high school and leave for college. The court decided to double the standard range and impose a 24-month sentence on each count, to run concurrently. The court's stated reason for doing so was that the multiple offense policy, when applied to several unranked offenses, resulted in a standard range that was clearly too lenient. This was aggravated by the fact that Mr. Brown's prior offenses also had no effect on the sentencing range.

Stalking is an unranked offense. RCW 9.94A.120(7) provides that an unranked offense may be punished by up to one year in jail, but that the court may impose a sentence of more than one year "if the court finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." Under the multiple offense policy of RCW 9.94A.400(1)(a), the trial court was required to impose concurrent sentences for the five unranked offenses.

■■ When reviewing an exceptional sentence, we must consider: (1) whether the trial court's reasons for the exceptional sentence are supported by the record; (2) whether the reasons given justify the sentence imposed;

and (3) whether the sentence imposed was clearly too lenient or too excessive. *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986). The first prong is reviewed under the clearly erroneous standard, the second prong is reviewed de novo as a matter of law, and the third prong is reviewed for abuse of discretion. *State v. Pryor*, 115 Wn.2d 445, 450, 799 P.2d 244 (1990).

The language of former RCW 9.94A.390(2)(g) states that the operation of the multiple offense policy may serve as an aggravating factor providing the basis for an exceptional sentence when:

> The operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.

Noting the impact of the multiple offense policy here, the trial court concluded an exceptional sentence should be imposed based on the number of prior and current offenses against the same victim.

■ ■ The application of the "clearly too lenient" aggravating factor is proper "when there is some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range." *State v. Fisher*, 108 Wn.2d 419, 428, 739 P.2d 683 (1987). For ranked crimes, this inquiry is automatically satisfied when a defendant's high offender score is combined with multiple current offenses resulting in a standard sentence which imposed no additional penalty for some crimes. *State v. Stephens*, 116 Wn.2d 238, 243, 803 P.2d 319 (1991). In addition, when evaluating past criminal history, prior offenses not used to determine the offender score may be used to impose an exceptional sentence. Former RCW 9.94A.390(2)(h) (1995);[2] *State v. Ha'mim*, 132 Wn.2d 834, 843, 940 P.2d 633 (1997).

Mr. Brown's appeal focuses on the distinction between

---

[2]Now RCW 9.94A.390(2)(j).

ranked and unranked offenses and the use of the term "presumptive sentence" in former RCW 9.94A.390(2)(g). The term "presumptive sentence" is used only in connection with ranked crimes. By contrast, RCW 9.94A.120(7), dealing with unranked crimes, provides that if a sentence range has not been established for the crime, the court shall impose a "determinate sentence." For ranked offenses, the sentencing court imposes a determinate sentence after considering the sentencing range set forth in RCW 9.94A.310. For unranked offenses, the court imposes a determinate sentence within the sentencing range established by RCW 9.94A.120(7). In either case, the court is specifically authorized to impose an exceptional sentence.

Although *State v. Stewart*, 125 Wn.2d 893, 890 P.2d 457 (1995) deals with ranked offenses, it provides us with some guidance. In *Stewart*, the defendant was convicted of two counts of attempted kidnapping with a deadly weapon. Based upon his offender's score, the defendant's presumptive sentence exceeded the statutory maximum for those two crimes. As a result, RCW 9.94A.420 applied, reducing the upper end of the standard range to the statutory maximum for the crime. Therefore, the defendant argued an exceptional sentence based upon the "clearly too lenient" aggravating factor could not be invoked. *Id.* at 897-99.

Rejecting this argument, the court stated: "We cannot divine any reason to impose such a restriction on the use of this aggravating factor." *Id.* at 899. The court quoted *Pryor* with approval:

> "RCW 9.94A.390 lists several aggravating factors which the court may consider in the exercise of its discretion to impose an exceptional sentence. As the statute points out, however, the factors are illustrative only and are not intended to be exclusive reasons for an exceptional sentence."

*Stewart*, 125 Wn.2d at 899 (quoting *Pryor*, 115 Wn.2d at 450-51). Given the fact that the Legislature specifically authorizes exceptional sentences for unranked offenses, we

do not understand why the "clearly too lenient" aggravating factor would not be a permissible reason for doing so.

Mr. Brown asserts the "clearly too lenient" factor can be applied only in cases where there is extraordinarily serious harm. This is not correct. A showing of extraordinarily serious harm is only one factor considered by the courts when applying the clearly too lenient aggravating factor. Equally important is the desire to prevent the use of the multiple offense policy to impose a sentence within the sentencing range that awards the defendant "free" crimes. A stated purpose of the Sentencing Reform Act of 1981 (SRA) is to ensure that sentences are proportionate to the seriousness of the crime and the defendant's criminal history. RCW 9.94A.010(1).

■ RCW 9.94A.120(7) expressly provides that a court may impose an exceptional sentence for an unranked offense if it can prove that there are "substantial and compelling reasons." The factors listed in RCW 9.94A.390 are illustrative only. The statute expressly provides the operation of the multiple offense policy may serve as an aggravating factor providing the basis for an exceptional sentence. Former RCW 9.94A.390(2)(g). Although unranked crimes are not subject to the SRA sentencing grid designed for ranked crimes, the Legislature intended that a court could impose an exceptional sentence for unranked crimes along the same lines as it would for ranked crimes. The "clearly too lenient" aggravating factor may be applied to impose an exceptional sentence for unranked offenses.

Finally, Mr. Brown fails to demonstrate that the trial court's findings are not supported in the record or that the length of the exceptional sentence imposed constituted an abuse of discretion. The trial court's findings, while brief, adequately set forth the reasons for the exceptional sentence in the context of this case. Furthermore, assuming the trial court had the authority to impose an exceptional sentence, Mr. Brown fails to show that the sentence imposed was clearly too excessive, especially in view of the fact that all of the unranked offenses involved the same victim.

Only the foregoing portion of this opinion will be printed in the Washington Appellate Reports. The remainder of the opinion having no precedential value shall be filed for public record pursuant to RCW 2.06.040.

SCHULTHEIS, C.J., and SWEENEY, J., concur.

Review denied at 137 Wn.2d 1002 (1999).