IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40365-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS A. SWECKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — In 2001, Nicholas Swecker was convicted of murder in the first

degree and burglary in the second degree and sentenced. At a second resentencing held

in 2024, the court added seven points to Mr. Swecker's offender score based on

convictions that post-dated his original sentencing. Mr. Swecker appeals the sentencing

court's calculation of his offender score and sentence. Mr. Swecker raises further

purported errors in a statement of additional grounds for review . We affirm.

BACKGROUND

On June 5, 2001, Mr. Swecker was sentenced on convictions for murder in the

first degree and burglary in the second degree, stemming from crimes he committed in

January 2001. With an offender score of 8.5, the court sentenced Mr. Swecker to 493

months of incarceration on the murder conviction. After calculating an offender score of

9.5 on the burglary conviction, the court sentenced Mr. Swecker to 68 months of

incarceration, concurrent with the murder sentence. On June 21, 2001, Mr. Swecker

pleaded guilty to six additional felonies (2001 convictions) that were committed in

October 2000. His sentences on the 2001 convictions were ordered to run concurrent

with the murder and burglary sentences.

In 2003, Mr. Swecker was resentenced on the murder and burglary convictions

due to juvenile convictions improperly included in his original offender score. After

excluding the juvenile convictions, Mr. Swecker's offender score decreased to 7.5 on the

murder conviction and 8.5 on the burglary conviction. The 2001 convictions were not

included in the calculation of Mr. Swecker's offender score. Under the modified

offender score, the resentencing court reduced Mr. Swecker's sentence on the murder

conviction to 450 months.

In 2007, Mr. Swecker pleaded guilty to escape in the first degree, a crime he

committed in 2006. Mr. Swecker was sentenced on the escape conviction to 63 months

of confinement to run consecutive to his murder sentence. In 2024, Mr. Swecker moved

for a second resentencing on his murder and burglary convictions based on the Supreme

Court's ruling in *State v Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Mr. Swecker also

filed a motion "[t]o bar the State from using Collicott[,] Shilling and Clark as controlling

law in this resentencing."[1] Clerk's Papers (CP) at 114 (some capitalization omitted).

---

[1] *State v. Collicott*, 118 Wn.2d 649, 827 P.2d 263 (1992); *State v. Shilling*, 77 Wn. App. 166, 889 P.2d 948 (1995); *State v. Clark*, 123 Wn. App. 515, 94 P.3d 335 (2004).

Citing the doctrine of res judicata, Mr. Swecker requested the court prohibit the State from adding "points from other crimes, as points to [his] current offender score" that were not presented at his 2003 resentencing. CP at 114.

In March 2024, the court granted Mr. Swecker's motion to be resentenced after finding the 2003 resentencing court had included three possession of a controlled substance convictions in his offender score that were later invalidated under *Blake*. The court also ruled that Mr. Swecker's 2001 convictions and 2007 escape conviction be included in his offender score calculation and that res judicata did not bar consideration of the convictions. The court ordered "a full de novo resentencing" at which time it would consider Mr. Swecker's youthfulness and "other mitigating factors." Rep. of Proc. at 67.

At the second resentencing, held in April 2024, Mr. Swecker renewed his objection to the inclusion of the 2001 convictions and 2007 escape conviction in his offender score. The court noted Mr. Swecker's objection and included the convictions in its calculation, resulting in an offender score of "9+." CP at 261. With an offender score of "9+," Mr. Swecker's standard range sentence on the murder conviction was 411-548 months. CP at 261. The court sentenced Mr. Swecker to 414 months.

Mr. Swecker timely appeals.

No. 40365-3-III
*State v. Swecker*

ANALYSIS

STATE'S MOTION TO WITHDRAW PORTIONS OF ITS BRIEF

As an initial matter, the State moves to strike section B from its response brief. We grant the State's motion.

Under RAP 17.1(a), "[a] person may seek relief, other than a decision on the merits, by motion." Here, the State voluntarily moved to strike section B from its response brief. Mr. Swecker did not file a response to the State's motion. A commissioner of this court referred the motion to this panel for consideration.

In section B of its response brief, the State argues that as an alternative to affirming Mr. Swecker's 2024 sentence, this court should reinstate Mr. Swecker's 2003 sentence in the event we reverse his 2024 sentence. In its motion to withdraw section B of its brief, the State cites to the "potential for unfairness to Mr. Swecker" and additional research that relieved the State of "any concerns that the new judgment might affect finality of the underlying trial and conviction." Motion to Voluntarily Withdraw Portion of State's Response Brief, *State v. Swecker*, No. 40365-3-III (Wash. Ct. App. Sept. 11, 2025). We grant the State's motion and strike section B from its response brief.

INVITED ERROR

The State requests this court decline review of Mr. Swecker's claim on appeal under the invited error doctrine. We deny the State's request.

4

The invited error doctrine precludes a defendant from obtaining appellate review of an error they helped create, even when the alleged error involves a constitutional right. *State v. Mercado*, 181 Wn. App. 624, 629-30, 326 P.3d 154 (2014). In determining whether the invited error doctrine applies, the court "may consider whether the [appellant] affirmatively assented to the error, materially contributed to it, or benefited from it." *Id.* at 630. Under the invited error doctrine, "a party who sets up an error at trial cannot claim that very action as error on appeal." *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009). "The doctrine was designed in part to prevent parties from misleading trial courts and receiving a windfall by doing so." *Id.*

The State requests this court decline review of Mr. Swecker's claimed error on appeal because he conceded before the resentencing court that "the State's citations to the offender score statute and *Collicott* were correct and applicable to his case." Br. of Resp't at 21. Mr. Swecker responds that the invited error doctrine is inapplicable because he presented the resentencing court with several arguments as to why *State v. Collicott*, 118 Wn.2d 649, 827 P.2d 263 (1992), did not apply to the facts of his case, and included a request that we overturn the holding in *Collicott*. We agree with Mr. Swecker.

In his pro se briefing to the resentencing court, Mr. Swecker argued that res judicata barred the State from adding points to his offender score and that *Collicott*'s interpretation of the Sentencing Reform Act (SRA) of 1981, chapter 9.94A RCW, be

overturned or not be applied to the facts of his case.  In his motion for resentencing, Mr.

Swecker presented argument as to why *Collicott* was inapplicable to the facts of his case.

Mr. Swecker did not concede to the applicability of *Collicott* and therefore did not

materially contribute to the claimed error on appeal.  The invited error doctrine does not

preclude our consideration of the merits of Mr. Swecker's arguments on appeal.

OFFENDER SCORE CALCULATION

Mr. Swecker argues the resentencing court erred by including convictions in his

offender score that post-dated his original sentencing.  He contends that the plain

language of the SRA, and subsequent amendments to the SRA, render pre-2007 appellate

court decisions interpreting RCW 9.94A.360 inapplicable.  We disagree.

"It is axiomatic that a sentencing court acts without statutory authority when it

imposes a sentence based on a miscalculated offender score." *State v. Roche*, 75 Wn.

App. 500, 513, 878 P.2d 497 (1994).  A challenge to the calculation of an offender score

is an error that may be raised for the first time on appeal.  *Id.*  We review a trial court's

offender score calculation de novo.  *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158

(2010).  Cases involving questions of statutory interpretation are also subject to de novo

review.  *State v. Jenks*, 197 Wn.2d 708, 713, 487 P.3d 482 (2021).

At Mr. Swecker's original sentencing in 2001, a "prior conviction," for the

purposes of determining an offender score, was defined as "a conviction *which exists*

*before the date of sentencing for the offense* for which the offender score is being

6

computed." Former RCW 9.94A.360(1) (2001) (emphasis added). In *Collicott*, our

Supreme Court concluded that former RCW 9.94A.360 permitted the inclusion in an

offender score calculation of convictions that post-dated an original sentencing. 118

Wn.2d at 664-68. In reliance on Supreme Court precedent, in *Shilling* this court held:

> The offender score includes *all* prior convictions (as defined by RCW
> 9.94A.030(9)) existing at the time of that particular sentencing, without
> regard to when the underlying incidents occurred, the chronological
> relationship among the convictions, or the sentencing or resentencing
> chronology.

*State v. Shilling*, 77 Wn. App. 166, 175, 889 P.2d 948 (1995).

Former RCW 9.94A.360 was later amended and recodified. Former RCW

9.94A.360 (2001), *recodified as* RCW 9.94A.525 (LAWS OF 2010, ch. 274, § 403); LAWS

OF 2008, ch. 231, § 3. The SRA currently maintains the same definition of "prior

conviction," but further requires that "[p]rior convictions that were not included in

criminal history or in the offender score *shall be included upon any resentencing* to

ensure imposition of an accurate sentence." RCW 9.94A.525(1)(a); RCW 9.94A.525(22)

(emphasis added). According to Mr. Swecker, this amendment and the plain language of

the SRA in effect at the time of his original sentencing clarifies that the legislature did not

previously intend that convictions post-dating an original sentencing be included in an

offender score at a resentencing. Thus, Mr. Swecker argues the Supreme Court's holding

in *Collicott* is not applicable.

It is well settled that where a statute has been construed by our Supreme Court, the court's construction is deemed to be what the statute has meant since its enactment. *In re Pers. Restraint of Vandervlugt*, 120 Wn.2d 427, 436, 842 P.2d 950 (1992). Furthermore, "[t]he Legislature may not, under the guise of clarification, overrule by legislative enactment a prior authoritative Supreme Court opinion construing a statute." *Marine Power & Equip. Co. v. Human Rights Comm'n Hr'g Tribunal*, 39 Wn. App. 609, 615, 694 P.2d 697 (1985).

The SRA contains a "timing" provision that states, with limited exceptions, "any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." RCW 9.94A.345. In applying the SRA in effect at the time of Mr. Swecker's conviction, along with Supreme Court precedent interpreting the SRA, an offender score includes all convictions existing at the time of that particular sentencing or resentencing. The resentencing court correctly included the 2001 convictions and 2007 escape conviction in Mr. Swecker's offender score.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

RAP 10.10 permits a defendant to file a statement of additional grounds for review (SAG) if he believes his appellate counsel has not adequately addressed certain matters. Mr. Swecker raises five issues in his SAG.

*SAG 1*

Mr. Swecker argues the trial court erred in finding the doctrine of res judicata does not prevent the inclusion of the 2001 convictions in his offender score. We disagree.

The elements of res judicata prohibit relitigation of a claim when it "'involves the same (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of persons for or against the claim made.'" *Penner v. Cent. Puget Sound Reg'l Transit Auth.*, 25 Wn. App. 2d 914, 924, 525 P.3d 1010 (2023) (quoting *Harley H. Hoppe & Assocs. v. King County*, 162 Wn. App. 40, 51, 255 P.3d 819 (2011)). Mr. Swecker bears the burden of proving each element. *Penner*, 25 Wn. App. 2d at 924. The doctrine of res judicata demands "a valid and final judgment on the merits in a previous suit." *Id.*

Here, this is the same claim in the same case, not a new case following a final judgment. Moreover, there is not a final judgment in a previous case, but rather a vacation of a final judgment in favor of a resentencing. Therefore, Mr. Swecker has not demonstrated that the elements of res judicata have been met.

*SAGs 2 & 3*

Mr. Swecker argues the sentencing court and the Supreme Court applied improper facts in *Collicott*, resulting in an erroneous ruling. We disagree.

Mr. Swecker contends that the Supreme Court in *Collicott* improperly ruled that the defendant's 1986 burglary sentence entered on June 9, 1986, is the date of the conviction, rather than the date he entered a plea of guilty to the charge on December 12,

1985.  As such, Mr. Swecker contends that because the defendant in *Collicott* pleaded guilty to the burglary charge on December 12, 1985, it should have been included in his original March 1986 sentencing.  However, Mr. Swecker misunderstands the court's rendition of the facts.

The court in *Collicott* explained that the December 12, 1985, date refers to the original sentencing on the current case not the date the defendant was convicted of the prior burglary charge:

> Following our opinion in *Collicott* I, the trial court on September 14, 1989, conducted a remand hearing to redetermine the appellant's offender score and resentence him. At the hearing, the deputy prosecuting attorney advised the sentencing judge that another burglary conviction entered on June 9, 1986, should be counted in appellant's offender score. He further advised that the crime was committed prior to September 28, 1985, but that Mr. Collicott had postponed pleading guilty until after the *prior sentencing* on December 12, 1985.

118 Wn.2d at 652-53 (emphasis added).  "Prior sentencing" seems to be referring to the original sentencing of the defendant on the current case, as the court in *Collicott* was reviewing an appeal of a resentencing held on remand.  *Id.* at 650.  Based on the court's explanation of the facts, Mr. Collicott's guilty plea to the burglary charge occurred *after* the first sentencing, though the offense was committed prior to the offenses for which he was being sentenced.  *Id.* at 653 n.9.  Therefore, former RCW 9.94A.030(9), stating that a conviction be an adjudication of guilt, was properly applied in *Collicott*.

Because the court in *Collicott* applied the SRA to the correct facts, Mr. Swecker's argument fails.  Further, Mr. Swecker's additional arguments, under SAG 2 and 3, assert

10

the same contention that *Collicott*, *State v. Worl*, 91 Wn. App. 88, 955 P.2d 814 (1998),

and *Shilling* improperly added language to the unambiguous language of former RCW

9.94A.030(1). As explained above, Mr. Swecker's arguments fail because the trial court

properly relied on the interpretations of the SRA in effect at the time of Mr. Swecker's

offenses.

*SAG 4*

Mr. Swecker first contends the facts of *Collicott* and *Worl* are distinguishable from

the facts in his case. We disagree.

As Mr. Swecker points out, in both *Collicott* and *Worl*, the defendants' original

sentences were reversed on appeal and remanded for resentencing. *Collicott*, 118 Wn.2d

at 650; *Worl*, 91 Wn. App. at 91-92. Here, Mr. Swecker moved the court for

resentencing under *Blake* and now appeals the trial court's resentencing. While the facts

before us differ from those in *Collicott* and *Worl*, Mr. Swecker provides no authority or

argument as to why the holdings in those cases are inapplicable to his case merely

because the resentencing came by motion rather than on remand from this court.

Mr. Swecker next contends that former RCW 9.94A.530(2) (2008) was not in

effect at the time of his sentencing, therefore it should not be applied. Former RCW

9.94A.530(2) (2008) stated:

> On remand for resentencing following appeal or collateral attack, the
> parties shall have the opportunity to present and the court to consider all
> relevant evidence regarding criminal history, including criminal history not
> previously presented.

LAWS OF 2008, ch. 231, § 4. The State cites RCW 9.94A.530(2) to support the contention that the SRA does not differentiate between sentencings and resentencings. The State also cites the statute to support its argument that the doctrine of res judicata is inapplicable here. Because we have determined that Mr. Swecker's convictions that post-dated his original sentencing must be included in his offender score at resentencing and that the elements of res judicata have not been met, Mr. Swecker's argument as to RCW 9.94A.530(2) being inapplicable is inconsequential and necessarily fails.

*SAG 5*

Mr. Swecker contends the application of *Collicott* and *Worl* resulted in an increased offender score, creating a constitutional error. We disagree.

Mr. Swecker's argument essentially restates the argument raised by his appellate counsel. Mr. Swecker contends that because he committed the current offenses in January 2001, for which he was sentenced on June 5, 2001, his offender score should not have included the 2001 convictions nor the 2007 escape conviction. Mr. Swecker asserts that resentencing him as a "9+" unconstitutionally contravened the purpose of the SRA. SAG at 15. As discussed above, pursuant to the progeny of case law interpreting the offender score statute under the SRA in effect at the time of Mr. Swecker's offense, a resentencing court must consider subsequent convictions when calculating an offender score. *Worl*, 91 Wn. App. at 93; *Collicott*, 118 Wn.2d at 664-68; *Shilling*, 77 Wn. App.

No. 40365-3-III
*State v. Swecker*

at 175.  Thus, the 2024 sentencing court made no error in calculating Mr. Swecker's

offender score.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Murphy, J.

13