**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | No. 84012-6-I |
| v. | OPINION PUBLISHED IN PART |
| ALFONSO V. SENIOR JR., | |
| Appellant. | |

DWYER, J. — Alfonso Senior Jr. appeals from the judgment and sentence entered on resentencing following his conviction by jury verdict of second degree murder with a firearm enhancement. On appeal, Senior asserts that the resentencing court erred by imposing the requirement that he register as a felony firearm offender. This is so, he contends, because RCW 9.41.330, which mandates the imposition of the registration requirement, was not in effect when he committed the offense.

We conclude that, pursuant to the plain language of the statute, the mandate that the sentencing court impose the registration requirement applies only when the offender was convicted of a felony firearm offense on or after June 9, 2016. See RCW 9.41.330(1), (3). Senior was convicted of the pertinent offense on November 10, 2011, several years prior to the effective date of the

No. 84012-6-I/2

statute.  Accordingly, we remand to the superior court to strike the firearm

registration requirement from the judgment and sentence.[1]

I

On November 10, 2011, Alfonso Senior Jr. was found guilty by jury verdict

of second degree murder with a firearm enhancement.[2]  Senior's offender score,

as calculated at sentencing, included out-of-state convictions for possession of a

controlled substance.  Thus, Senior moved for resentencing following our

Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521

(2021), which invalidated our state's strict liability drug possession statute.

At the resentencing hearing, the State advised the court that it was

required by statute to impose the felony firearm registration requirement as part

of Senior's judgment and sentence.  The resentencing court determined that it

was mandated to impose the requirement pursuant to RCW 9.41.330(3).  The

court thus ordered Senior to register as a felony firearm offender.

Senior appeals.

II

Senior contends that the resentencing court erred by imposing in the

judgment and sentence the requirement that he register as a felony firearm

---

[1] Senior raises additional claims of error that are resolved in the unpublished portion of this opinion.

[2] Senior was additionally convicted of unlawful possession of a firearm.  However, because that conviction was premised on prior convictions for possession of a controlled substance, it was vacated on resentencing following our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021).

No. 84012-6-I/3

offender.  We agree.[3]  The plain language of the statute mandates that the sentencing court impose the registration requirement when an offender is convicted of a felony firearm offense on or after June 9, 2016.  The conviction for which the registration requirement was imposed on Senior occurred several years prior to the effective date of the statute.  Accordingly, the resentencing court was not authorized to impose the registration requirement.

The meaning of a statute is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002) (citing State v. Breazeale, 144 Wn.2d 829, 837, 31 P.3d 1155 (2001); State v. J.M., 144 Wn.2d 472, 480, 28 P.3d 720 (2001)).  "Our primary duty in interpreting a statute is to discern and implement legislative intent."  Johnson v. Recreational Equip., Inc., 159 Wn. App. 939, 946, 247 P.3d 18 (2011).  "If a statute's meaning is plain on its face, we must 'give effect to that plain meaning as an expression of legislative intent.'"  Broughton Lumber Co. v. BNSF Ry., 174 Wn.2d 619, 627, 278 P.3d 173 (2012) (quoting Campbell & Gwinn, 146 Wn.2d at 9-10).  "To determine the plain meaning, we look to the text of the statute, as well as 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'"  State v. Donaghe, 172 Wn.2d 253, 262, 256 P.3d 1171 (2011) (quoting State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)).

---

[3] Senior's counsel did not object when the resentencing court imposed the registration requirement.  We exercise our discretion pursuant to RAP 2.5(a) to consider this claim of error on the merits.

Washington's felony firearm registration statute requires that "[a]ny adult or juvenile residing, whether or not the person has a fixed residence, in this state who has been required by a court to comply with the registration requirements of this section shall personally register with the county sheriff for the county of the person's residence." RCW 9.41.333. Our state legislature first enacted the statute in 2013. LAWS OF 2013, ch. 183, § 3. Once codified, it provided:

> On or after July 28, 2013, whenever a defendant in this state is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense, the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.

Former RCW 9.41.330(1) (2013).

In 2016, our legislature amended the statute to require the sentencing court to impose the felony firearm registration requirement in certain circumstances. RCW 9.41.330(3). Thus, pursuant to the current version of the statute, the sentencing court must consider whether to impose the registration requirement whenever an offender is convicted of a felony firearm offense but is mandated to impose the requirement when the offense is committed "in conjunction with" a particular listed offense. RCW 9.41.330(1), (3). As currently codified, the statute provides:

> (1) *On or after June 9, 2016*, except as provided in subsection (3) of this section, whenever a defendant in this state is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense, the court must consider whether to impose a requirement that the person comply with the registration requirements of RCW 9.41.333 and may, in its discretion, impose such a requirement.
> . . . .

4

No. 84012-6-I/5

> (3) When a person is convicted of a felony firearm offense or found not guilty by reason of insanity of any felony firearm offense that was committed in conjunction with any of the following offenses, the court must impose a requirement that the person comply with the registration requirements of RCW 9.41.333:
> > (a) An offense involving sexual motivation;
> > (b) An offense committed against a child under the age of eighteen; or
> > (c) A serious violent offense.

RCW 9.41.330 (emphasis added).

Senior asserts that the sentencing court erred by imposing the firearm registration requirement on resentencing.[4] We agree. By its plain language, the statute requires that the court impose the registration requirement on sentencing, and it permits the court to do so only when an offender is convicted of a firearm offense "[o]n or after June 9, 2016." RCW 9.41.330(1). Contrary to the State's assertion, the prospective language in subsection (1) applies not only to the sentencing court's discretionary imposition of the registration requirement, but also to subsection (3), which mandates imposition of the registration requirement when, as here, the offender is convicted of a felony firearm offense "in conjunction with . . . [a] serious violent offense." RCW 9.41.330(3)(c). A plain reading of the statute indicates that the legislature included the language "except as provided in subsection (3) of this section," RCW 9.41.330(1), to distinguish between circumstances in which the sentencing court *may* impose the registration requirement and circumstances in which it *must* impose that requirement. The State's assertion that this language exempts subsection (3)

---

[4] Specifically, Senior contends that the court erroneously imposed the registration requirement because he committed the pertinent offense prior to June 9, 2016. As we discuss herein, the relevant date is the date of conviction, not the date on which the conduct underlying that conviction occurred. See RCW 9.41.330(1), (3). Senior is nevertheless correct that the resentencing court was without authority to impose the registration requirement.

5

from the requirement that the conviction occur "[o]n or after June 9, 2016," RCW 9.41.330(1), is contrary to the statutory language. Reading the statute as a whole, as we must, we conclude that our legislature intended the effective date of the statute to apply to the mandatory imposition of the registration requirement set forth in RCW 9.41.330(3).

Were we to determine that the statute is ambiguous, and thus to engage in statutory construction, our conclusion would remain unchanged. See State v. Watson, 146 Wn.2d 947, 955, 51 P.3d 66 (2002) (when a statute is ambiguous, the court will resort to principles of statutory construction to determine legislative intent); Graffell v. Honeysuckle, 30 Wn.2d 390, 399, 191 P.2d 858 (1948) ("In construing statutes which re-enact, with certain changes, or repeal other statutes, or which contain revisions or codification of earlier laws, resort to repealed and superseded statutes may be had, and is of great importance in ascertaining the intention of the legislature."). Pursuant to the 2013 version of the felony firearm registration statute, the sentencing court was granted the discretion to impose the registration requirement when the defendant was convicted of a felony firearm offense on or after the effective date of the statute. See former RCW 9.41.330(1). Our legislature amended the statute in 2016 only to add subsection (3), which provides that, in certain circumstances, the sentencing court *must* impose the registration requirement. See RCW 9.41.330(3). The legislature again indicated that the statute applies only when the offender is convicted of a felony firearm offense on or after the statute's effective date. RCW 9.41.330(1). The 2016 amendment to the registration statute indicates intent to distinguish

6

between the circumstances in which the requirement *may* be imposed and those in which it *must* be imposed by the sentencing court. It does not demonstrate legislative intent that the statute's effective date applies only when imposition of the registration requirement is discretionary.

We additionally reject the State's assertion that the felony firearm registration requirement is consonant with our state's sex offender registration statute. See RCW 9A.44.130. That statute provides that "[a]ny adult or juvenile residing . . . in this state who has been found to have committed or has been convicted of any sex offense or kidnapping offense . . . shall register with the county sheriff for the county of the person's residence." RCW 9A.44.130(1)(a). Pursuant to its statutory language, the sex offender registration statute automatically applies to any individual who meets the requirements set forth therein. In contrast, a person is required to register as a felony firearm offender only after a sentencing court has imposed the registration requirement. RCW 9.41.333(1) (requiring that any person residing in our state "who has been required by a court to comply with the registration requirements of this section" register with the appropriate county sheriff); see also RCW 9.41.330(1), (3) (providing that the court "must consider whether to impose" or "must impose" the registration requirement, depending on the circumstances of the felony firearm conviction). Thus, unlike the sex offender registration requirement, the felony firearm registration requirement is triggered only after imposition of the requirement by the sentencing court. As discussed herein, by its plain language,

7

the statute authorizes imposition of the requirement only when the requisite conviction occurred "[o]n or after June 9, 2016."  RCW 9.41.330(1).

Pursuant to its plain language, the felony firearm registration requirement must be imposed by the sentencing court and may be imposed only on offenders convicted of a requisite offense "[o]n or after June 9, 2016."  RCW 9.41.330(1). The date of Senior's conviction, upon which the resentencing court premised the imposition of the registration requirement, was November 10, 2011.  Thus, the court was not authorized to impose the requirement pursuant to the felony firearm registration statute.  Accordingly, we remand to the superior court to strike the registration requirement from the judgment and sentence.

The remainder of this opinion has no precedential value.  Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.  See RCW 2.06.040.

III

Senior further contends that the standard range sentence imposed by the resentencing court must be reversed.  This is so, he asserts, because the court disregarded evidence presented in support of a lower sentence within the standard range and failed to exercise its discretion in imposing the sentence.  We disagree.  The Sentencing Reform Act of 1981[5] (SRA) provides that a sentence imposed within the statutory standard range may not be appealed.  Accordingly, Senior may not appeal from the sentence imposed here.

---

[5] Ch. 9.94A RCW.

8

A

On November 10, 2011, Senior was sentenced to 260 months of incarceration, 15 months above the midpoint of the applicable standard range sentence, plus an additional 60 months of incarceration for a firearm enhancement. Because the offender score used at sentencing included convictions for possession of a controlled substance, Senior sought resentencing following the Blake decision, 197 Wn.2d 170. A resentencing hearing was held on April 22, 2022.

Because the judge who had presided over Senior's trial and original sentencing had retired, a different judge presided over the resentencing. Senior requested a minimum standard range sentence of 123 months of incarceration plus 60 months for the firearm enhancement. In support of this request, Senior detailed his "exemplary behavior" while incarcerated, as well as his voluntary completion of chemical dependency treatment and anti-violence programs and his efforts to engage in educational opportunities. Based on the facts of the crime, the State sought a high-end standard range sentence of 234 months of incarceration plus 60 months for the firearm enhancement.

During the hearing, the resentencing judge explained at length her considerations in determining the appropriate sentence. She "read everything that [she] could regarding the crime that was in the court file" and reviewed the original sentencing transcript. The resentencing judge additionally considered the evidence presented by the defense in support of its resentencing recommendation, including numerous letters from Senior's friends and family, his

9

behavioral record and work history while incarcerated, and documents regarding the substance abuse treatment and anti-violence programs that he completed. The resentencing judge further explained that she "looked at how [Senior] responded to this crime over the course of the last decade," which she found "disturbing." She concluded that, although Senior had "made tremendous strides in the prison," his conflicting accounts of the crime demonstrated that Senior had not "fully own[ed] what [he] did."

The resentencing judge imposed a standard range sentence of 186 months of incarceration, 15 months above the midpoint of the applicable standard range, plus 60 months for a firearm enhancement. She noted that, although the standard range for the offense had changed, the original sentencing judge had also imposed a sentence of 15 months above the midpoint of the applicable standard range. The resentencing judge explained that she had "read all the materials that were submitted to [her] not once, but twice" and had "[given] this sentence great thought." The sentence imposed, she explained, was based on her conclusion that Senior had not yet made the "final step" of accepting accountability for his actions in committing the crime.

B

The SRA provides that "[a] sentence within the standard sentence range . . . for an offense shall not be appealed." RCW 9.94A.585(1). Thus, as a matter of law, there can be no abuse of discretion regarding the length of the sentence imposed when that sentence is within the presumptive sentence range. State v. Ammons, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986).

10

RCW 9.94A.585 is not, however, "an absolute prohibition on the right of appeal."

State v. Garcia-Martinez, 88 Wn. App. 322, 328-29, 944 P.2d 1104 (1997) (citing

State v. Herzog, 112 Wn.2d 419, 423, 771 P.2d 739 (1989)).  "Rather, it

precludes only appellate review of 'challenges to the amount of time imposed

when the time is within the standard range.'" Garcia-Martinez, 88 Wn. App. at

329 (internal quotation marks omitted) (quoting Herzog, 112 Wn.2d at 423).

Thus, appellate review is available if the sentencing court failed to comply with

constitutional requirements or with the procedural requirements of the SRA.[6]

State v. Osman, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006).

A "procedural" appeal to a standard range sentence is permitted when

"the sentencing court had a duty to follow some specific procedure required by

the SRA, and . . . the court failed to do so."  State v. Mail, 121 Wn.2d 707, 712,

854 P.2d 1042 (1993).  The SRA mandates that the sentencing court

> consider the risk assessment report and presentence reports, if
> any, including any victim impact statement and criminal history, and
> allow arguments from the prosecutor, the defense counsel, the
> offender, the victim, the survivor of the victim, or a representative of
> the victim or survivor, and an investigative law enforcement officer
> as to the sentence to be imposed.

RCW 9.94A.500(1).  The statute further requires that when "the defendant

disputes material facts [used at sentencing], the court must either not consider

the fact or grant an evidentiary hearing on the point."  RCW 9.94A.530(2).  When

no objection is raised to the facts presented, those facts are considered to be

---

[6] Such claims of error do not challenge the length of the sentence.  Rather, they challenge the constitutionality of the basis for the sentence or the procedure by which the sentence was imposed.  See, e.g., Garcia-Martinez, 88 Wn. App. at 329-30.

"acknowledged." RCW 9.94A.530(2). Only if the sentencing court failed to follow either of these statutory requirements can an appellant assert a cognizable procedural claim of error to a standard range sentence. Mail, 121 Wn.2d at 712.

In addition, when the sentencing court imposes a standard range sentence following the defendant's request for an exceptional sentence, review of the sentence is permitted if "'the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range.'" State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) (internal quotation marks omitted) (quoting State v. McGill, 112 Wn. App. 95, 100, 47 P.3d 173 (2002)). Thus, we review the imposition of a standard range sentence when the sentencing court erroneously believed that it lacked the authority to impose an exceptional sentence. See, e.g., McFarland, 189 Wn.2d at 56 (sentencing court erroneously believed it could not impose concurrent sentences for firearm-related offenses); McGill, 112 Wn. App. at 99 (sentencing court erroneously believed that it lacked authority to impose an exceptional sentence below the standard range). In such circumstances, the challenge is to "the underlying legal determinations by which the sentencing court reaches its decision," and appeal is permitted because "every defendant is entitled to have an exceptional sentence actually considered." McFarland, 189 Wn.2d at 56 (citing Garcia-Martinez, 88 Wn. App. at 330). However, a sentencing court "that has considered the facts and has concluded that there is no basis for an exceptional sentence has exercised its discretion, and the defendant may not appeal that ruling." Garcia-Martinez, 88 Wn. App. at 330.

12

C

Senior asserts on appeal that his sentence must be reversed because the resentencing court "ignored his request for a mitigated standard range sentence and ignored the evidence he presented, thus failing to meaningfully consider the valid mitigating factors."[7]  He further contends that reversal is required because the resentencing court "adopted in its entirety the rationale of the original sentencing [court]," thus failing to exercise its own discretion.[8]  We disagree.  The resentencing court fully complied with the procedural requirements of the SRA and neither categorically refused to exercise its discretion nor relied on an impermissible basis in imposing the standard range sentence.  Accordingly, the SRA precludes Senior's challenge to the standard range sentence imposed by the resentencing court.

First, the resentencing court fully complied with the procedural mandates of the SRA.  See RCW 9.94A.500(1), .530(2).[9]  The statute requires that a sentencing court consider any presentence reports available and allow argument from defense counsel and the offender.  RCW 9.94A.500(1).  Notwithstanding his assertion that the resentencing court "ignored the evidence he presented," Senior does not identify any particular evidence that the court failed to consider.  The record is devoid of support for his assertion.

---

[7] Br. of Appellant at 8.
[8] Br. of Appellant at 8.
[9] Senior did not object to the resentencing court's consideration of any material facts presented.  Thus, the court was not required to disregard any such facts or to hold an evidentiary hearing pertaining to any challenged facts.  See RCW 9.94A.530(2).

13

Indeed, the resentencing judge explained at length the evidence that she considered in determining the appropriate sentence. She explicitly noted her consideration of the evidence presented by Senior. She explained that she had "read all the materials that were submitted to [her] not once, but twice" and had "[given] this sentence great thought." To the extent that Senior is asserting that his standard range sentence may be appealed due to a failure of the court to adhere to statutory mandates, his assertion is wholly without merit. To the contrary, the record clearly demonstrates the resentencing court's adherence to the procedural requirements of the SRA. "It is almost self-evident that, while cloaking his arguments in 'procedure,' [Senior's] ultimate object . . . in seeking resentencing is to receive a lower sentence within the standard range." Mail, 121 Wn.2d at 714.

Second, Senior has not shown that the resentencing court failed to exercise its discretion, such that he may appeal from the standard range sentence imposed. The appeal of a standard range sentence is permitted when the sentencing court erroneously believed that it was without authority to exercise discretion. See, e.g., McFarland, 189 Wn.2d at 56; McGill, 112 Wn. App. at 99. However, Washington courts have allowed such an appeal only when the sentencing court denied the defendant's request for an exceptional sentence below the standard range. Senior made no such request here.

We have explained that "[a] court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances; i.e., it takes the position that it will never impose

14

a sentence below the standard range." Garcia-Martinez, 88 Wn. App. at 330.

Senior's claim of error, however, is not premised on an "underlying legal

determination[]" of the resentencing court that it was without authority to impose

a lesser sentence, see McFarland, 189 Wn.2d at 56; nor does the record

demonstrate that the resentencing court categorically refused to exercise its

discretion in determining the appropriate sentence. See Garcia-Martinez, 88 Wn.

App. at 330. Rather, the resentencing court here thoroughly considered the

pertinent evidence yet disagreed with Senior regarding the appropriate length of

his sentence. This was an appropriate exercise of sentencing discretion. See

Garcia-Martinez, 88 Wn. App. at 330-31.

Pursuant to the SRA, a defendant may not appeal from a standard range

sentence when the challenge asserted is to the length of the sentence imposed.

Here, Senior challenges the length of the standard range sentence imposed on

resentencing. Senior has demonstrated neither that the sentencing court failed

to comply with the requisite statutory requirements in imposing the sentence nor

that the court categorically refused to exercise its discretion. Accordingly, his

challenge to the standard range sentence is precluded by the SRA.[10]

IV

Senior additionally contends that the resentencing court evidenced bias by

purportedly failing to consider his efforts to improve himself and in adopting the

---

[10] Senior asserts, for the first time in his reply brief, that he was deprived of his due process right to an impartial judge and decision when the resentencing court imposed the standard range sentence. He thus argues that his challenge to the sentence is not barred by the SRA. However, contrary to Senior's suggestion, his claim of error clearly implicates the length of the sentence imposed, not a purported constitutional infirmity in the imposition of that sentence.

15

rationale of the original sentencing judge. He asserts that such bias resulted in violation of his due process rights and the appearance of fairness doctrine. We disagree. This claim of error is premised on a factually inaccurate portrayal of the record. The resentencing judge's appropriate exercise of her discretion evidences judging—not bias. Senior's claim is without merit.

"Under the state and federal constitutions, a criminal defendant has the right to be tried and sentenced by an impartial court." State v. Solis-Diaz, 187 Wn.2d 535, 539-40, 387 P.3d 703 (2017) (citing U.S. CONST. amends VI, XIV; WASH. CONST. art. I, § 22). This right is an "essential element of due process." In re Pers. Restraint of Davis, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). The law requires not only an impartial judge, but also that the judge appear to be impartial. State v. Worl, 91 Wn. App. 88, 96, 955 P.2d 814 (1998). A trial judge is presumed to have properly discharged his or her duties without bias or prejudice, and "[t]he party seeking to overcome that presumption must provide specific facts establishing bias." Davis, 152 Wn.2d at 692. Moreover, "[j]udicial rulings alone almost never constitute a valid showing of bias." Davis, 152 Wn.2d at 692.

Here, Senior contends that the resentencing judge evidenced bias by considering that he had not taken full accountability for the crime and by referencing the details of that crime. He asserts that the judge disregarded evidence of his efforts to improve himself, instead simply adopting the rationale of the original sentencing judge. Senior's assertions, however, are without support in the record. He points to no comments of the resentencing judge that

16

allegedly demonstrate bias, and he inaccurately asserts that the judge failed to consider evidence in favor of a lesser sentence. The record demonstrates, contrary to Senior's assertion, that the resentencing judge thoroughly considered all of the evidence and appropriately exercised her discretion in determining an appropriate sentence. When a judge judges, that demonstrates judging—not bias. Senior's assertion of bias is without merit.

Affirmed in part, reversed in part, and remanded.

_Dwyer, J._

WE CONCUR:

_Feldman, J._        _Díaz, J._